### NATIONAL PARK BANK OF NEW YORK v. UNITED STATES.

District Court, S. D. New York. February 19, 1929.

Barry, Wainwright, Thacher & Symmers, of New York City, for plaintiff.

Charles H. Tuttle, of New York City, for the United States.

MACK, Circuit Judge. In my judgment the motion to dismiss must be granted. The petition sets forth a conclusion of law that a large amount has been overpaid to the government as and for the taxes for the year 1918. It then sets forth in substance the basis for this conclusion, by alleging that on advice of the Department itself a claim for refund was duly filed with the Commissioner of Internal Revenue. The terms of this claim are not fully set out but in so far as they are set out they specify no grounds therefor.

It is alleged, however, that the substantial basis for the refund is that petitioner was entitled, for reasons stated in the petition, to a special assessment to be made by the Commissioner, and that without granting or denying such special assessment the claim for refund was rejected.

Under the decision of the Supreme Court in the Williamsport Wire Rope Co. v. U. S., 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, this court cannot review the determination of the Commissioner in the matter of a special assessment, whether it be for or against the claimant. In substance that is what this petition seeks, and for this reason the petition is defective.

It does not follow, however, that in these circumstances petitioner is without remedy. If the fact be that the Commissioner has declined to consider the application for a special assessment, his refusal even to consider it is subject to review through mandamus proceedings in the District of Columbia. The courts of the District have jurisdiction over such proceedings, and in such a mandamus proceeding those courts will be enabled to determine whether or not such refusal is justified by reason of any defects in the claim

for refund. If the claim for refund shall there be found to have been in proper form and it shall then be determined that it was, the duty of the Commissioner to consider and to decide the application for such assessment on the merits, the courts of the District will be fully empowered to grant the petitioner in this case the relief that it seeks.